# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-60572
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2023

Lyle W. Cayce
Clerk

Ewlin Marilu Mejia-Carvajal; Lindsay Orellana-Mejia;
Said Magdiel Orellana-Mejia,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 127 437,
A209 127 438, A209 127 439

———————————————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Ewlin Marilu Mejia-Carvajal, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60572

Against Torture (CAT). (Her minor children, Lindsay Jireth Orellana-Mejia and Said Magdiel Orellana-Mejia, are included in her application.)

Mejia contends she demonstrated the requisite nexus between her suffered and feared harm and a protected basis. (Because she fails to challenge being denied withholding of removal and protection under CAT, she abandoned any challenge she may have on that basis. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence; legal conclusions, *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

In denying asylum, the BIA determined Mejia failed to show the requisite nexus between any past or feared harm and her claimed protected grounds: her imputed anti-gang political opinion; and membership in a particular social group based on her family relationship to her father. She had the burden of establishing she suffered persecution or had a "well-founded fear of persecution on account of" a protected ground. *Cantarero-Lagos v. Barr*, 924 F.3d 145, 149 (5th Cir. 2019). Although the "protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm". *Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (citation omitted).

Mejia maintains an anti-gang political opinion was imputed to her when she refused extortion demands from gang members; but she fails to show the gang was motivated by anything other than economic extortion.

*E.g.*, *Martinez-Lopez v. Barr*, 943 F.3d 766, 769, 771–72 (5th Cir. 2019); *Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019) ("Extortion is not a cognizable form of persecution under immigration law.").

Likewise, the record does not compel finding Mejia would be targeted based on her relationship to her father. *E.g.*, *Martinez-Lopez*, 943 F.3d at 769; *Cabrera*, 890 F.3d at 159–60 ("To show a well-founded fear of persecution, an alien must have subjective fear of persecution, and that fear must be objectively reasonable."). The record reflects: Mejia's father entered politics in 2010; she was not targeted by gang members until 2016; and, even though her father is still politically active in his hometown, he has not been physically harmed by gang members.

DENIED.